IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDDIE E. WARD, JR                    :

                                     :

     v.                              : Civil Action No. DKC 2005-3451

                                     :

PRINCE GEORGES COUNTY, et al.        :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Prince George's County, Mark Constantino, and James Shomper to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) for insufficiency of service of process.  The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the motion to dismiss will be denied.

Plaintiff filed his complaint on December 28, 2005, and summonses were issued the same day.  On May 5, 2006, Plaintiff requested the clerk to reissue the summonses, stating that the original summonses were not served within the time allotted under the rules.  The court entered an Order to show cause, directing Plaintiff to show good cause why the complaint should not be dismissed for failure to serve Defendants within 120 days of filing.  In response, Plaintiff asserted that service on Defendants was difficult, recited the steps taken to effect service, and pointed out that there would be no statute of limitations impediment to refiling the complaint, which concerns events in September 2004.  The court then provided Plaintiff until June 30,

2006, within which to serve Defendants.   After Defendants were served, they filed a motion to dismiss, contending that service was insufficient because there was insufficient justification for exceeding the 120-day limit.

## I.  Legal Standard

The appropriate legal standard is far from clear.  Judge Motz recently outlined his view of the situation:

> Federal Rule of Civil Procedure 4(m) requires that a plaintiff perfect service of the summons and complaint on a defendant within 120 days after the complaint is filed.  Rule 4(m) reads:
>
> > If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
>
> [Fed.R.Civ.P.] 4(m).  Fourth Circuit precedent requires a showing of good cause before a court can grant an extension of time.[1]  Good cause includes "reasonable diligent efforts to effect service", and "inadvertence or heedless[ness]" will not suffice. *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 659 (D.Md. 1986).
>
> In this case, the showing required of [the] [p]laintiff is even higher because the 120-day period has already expired.  Where an extension is sought after expiration of 120

days, Rule 6(b) requires that the party show that the delay in service resulted from "excusable neglect." [Fed.R.Civ.P.] 6(b) (permitting a district court to extend the time for service "after the expiration of the specified period . . . where the failure to act was the result of excusable neglect"). A showing of excusable neglect is a demanding standard, which the Fourth Circuit has noted "is not easily demonstrated, nor was it intended to be." *Britt*, 170 F.R.D. at 9 (*citing Thompson v. E.I. duPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).

Therefore, [the] [p]laintiff must show both that there was good cause for the lack of service, and that her delay in filing the motion to extend before expiration of the 120-day period was the result of excusable neglect. *See Mendez*, 45 F.3d at 79 (finding that plaintiff failed to satisfy Rules 4(m) and 6(b) by not establishing "both good cause for the lack of service and excusable neglect for not filing the motion to extent service before the expiration of the 120-day period").

---

[1] The "good cause" requirement's continuing validity in the Fourth Circuit has been questioned by several courts within this district. *See e.g., Hammad v. Tate Access Floors, Inc.*, 31 F.Supp.2d 524, 526 (D.Md. 1999) (Blake, J.); *Hoffman v. Baltimore Police Dep't*, 379 F.Supp.2d 778, 786 (D.Md. 2005) (Nickerson, J.). Although *Mendez v. Elliot*, 45 F.3d 75 (4th Cir. 1995), states clearly that Rule 4(m) mandates a showing of good cause before an extension can be granted, subsequent district court opinions have noted the Advisory Committee Notes indicating that amendments to the Rule were intended to eliminate the good cause requirement. *See e.g., U.S. v. Britt*, 170 F.R.D. 8, 9 (D.Md. 1996) (Davis, J.). However, those same opinions have continued to require a showing of good cause, explaining that the district court is not free to disregard Fourth Circuit Precedent. *Id*. The issue in this case is in

> any event academic because, as explained
> *infra*, assuming the Fourth Circuit's good
> cause requirement is no longer valid,
> plaintiff cannot meet the "excusable neglect"
> requirement that unquestionably exists when a
> motion to extend time for service is filed
> after the expiration of the 120 day period
> established by Rule 4(m).

*Knott v. Atlantic Bingo Supply, Inc.*, No. Civ. JFM-05-1747, 2005 WL
3593743, at *1 (D.Md. Dec. 22, 2005). Like the others, the
undersigned will continue to apply the good cause standard, albeit
not with doubt.

## II. Analysis

The court issued an Order to show cause directing Plaintiff to
demonstrate why the complaint should not be dismissed at that time.
After receiving the response, the court entered an Order providing
until June 30, 2006, for service of process. The Order did not
explicitly find good cause or excusable neglect, nor reserve the
question at that time. Thus, Plaintiff understandably concluded
that the 120-day limit had been extended unconditionally.[1]

In the current procedural posture, and given that the
complaint easily could be refiled and reserved, the court will
decline to grant Defendants' motion to dismiss. The court extended
the deadline for service, despite the fact that, in hindsight,

---

[1] In the future, the undersigned will explicitly either make
the necessary finding on the ex parte showing or indicate that the
extension is without prejudice to the defendant challenging the
extension by an appropriate motion to dismiss. A rule 12(b)(5)
defense is subject to waiver. Fed.R.Civ.P. 12(h).

Plaintiff failed to demonstrate good cause or excusable neglect.
While Plaintiff's response indicated that Plaintiff did not
completely ignore the requirement that Defendants be served within
120 days, neither did it categorically establish good cause for the
failure to serve within 120 days.  By their motion, Defendants
challenged Plaintiff's assertion that service on them was
difficult.  Plaintiff's response to the motion to dismiss meets the
legal argument that good cause should not have to be shown, but
does not offer any additional facts that would support a finding of
good cause, or even excusable neglect for failing to seek the
extension prior to the expiration of the 120-day period.  Instead,
Plaintiff relies on the court's earlier Order as permitting the
late service.  As noted, the earlier Order did not necessarily end
the good cause inquiry.[2]

---

[2] In a similar situation, Judge Motz determined that he erred
in authorizing late service in *Cooper v. Phoenix Health Systems,
Inc.*, No. Civ. JFM-03-2582, 2004 WL 943905, at *1 (D.Md. Mar. 15,
2004):

> I erred in entering my order extending the time for
> service since I should have done so only "if the
> plaintiff show[ed] good cause for the failure [to effect
> service within 120 days]."  However, I was then presented
> with only an ex parte presentation by [the] plaintiff.
> The record is now clear that there was no good cause for
> the plaintiff's failure to effect service. My error in
> entering the ruling did not affect [the] plaintiff's
> rights because, if I had denied her request to extend the
> time for service, the action would have been dismissed at
> that time.

Unfortunately, the Fourth Circuit has not had occasion to clarify whether the rules permit a court to extend the 120-day period even without a showing of good cause.  Until it does, plaintiffs are well advised to adhere to that requirement and to seek necessary extensions prior to the expiration of the time period provided.  Here, as noted, Plaintiff did approach the court for an extension before the court issued the show cause order and then effectuated service promptly when authorized to do so.  Under these circumstances, the court declines to dismiss for insufficient service of process.  A separate Order will follow.


                    _____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge